# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Fidler,<br><br>    Plaintiff,<br><br>v.<br><br>State of Arizona, et al.,<br><br>    Defendants. | No. CV-25-00570-PHX-DLR<br><br>**ORDER SETTING RULE 16 SCHEDULING CONFERENCE** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Scheduling Conference is set for **April 1, 2025 at 10:00 a.m. (Arizona time).** The Court anticipates this hearing to be held via Zoom. The parties will be provided with the Zoom connection information via separate email. In preparation for this Scheduling Conference, it is hereby Ordered as follows:

INITIAL DISCLOSURES

**The parties are ordered to provide initial disclosures at least 21 calendar days before the Scheduling Conference** in the form required by Federal Rule of Civil Procedure 26(a)(1). The parties shall file with the Clerk of Court a Notice of Initial Disclosure; copies of the actual disclosures need not be filed. The parties are not free, without order of the Court, to delay or defer exchange of the Rule 26(a)(1) initial disclosures to a time after their Rule 26(f) Meeting to prepare the proposed Discovery Plan.

COMMENCEMENT OF DISCOVERY PERMITTED AND REQUIRED

The limitation on the commencement of formal discovery set forth in Federal Rule

of Civil Procedure 26(d) is waived. Formal discovery not only may commence at any time after service of process, but the court expects discovery to commence prior to the Scheduling Conference. The parties shall serve initial document discovery requests at least 14 days before the Scheduling Conference.

CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, any nongovernmental corporate party to an action or proceeding must file a Corporate Disclosure Statement. If not previously filed, the Court directs any nongovernmental corporate party to file its Corporate Disclosure Statement within 10 days of receipt of this Order. Forms are available on the court's website.

RULE 26(f) MEETING AND DISCOVERY PLAN

The parties are directed to meet and confer at least 14 calendar days before the Scheduling Conference as required by Federal Rule of Civil Procedure 26(f). At this Rule 26(f) Meeting, the parties shall develop a joint proposed Discovery Plan which contains the following information in separately numbered paragraphs:

1. The parties who attended the Rule 26(f) Meeting and assisted in developing the Plan;

2. A short statement of the nature of the case (**3 pages or less**), including a description of each claim and defense;

3. A description of the principal factual and legal disputes in the case;

4. The jurisdictional basis for the case, citing specific jurisdictional statutes;[1]

5. Any parties which have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared;

---

[1] If jurisdiction is based on diversity, the basis shall include a statement of the citizenship of every party. *See* 28 U.S.C. §1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business and (2) partnerships and limited liability companies are citizens of every state of which one of their members or partners is a citizen. *See* 28 U.S.C. §1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003).

  6. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings;

  7. A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705);

  8. Whether the case is suitable for reference to arbitration or a United States Magistrate Judge for trial;

  9. The status of related cases pending before other courts or other judges of this Court;

  10. A statement of when the parties exchanged Federal Rule of Procedure 26(a) initial disclosures;

  11. A discussion of necessary discovery, including:

    a. The extent, nature, and location of discovery anticipated by the parties;

    b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;

    c. The number of hours permitted for each deposition, unless extended by agreement of the parties.

  12. Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable):

    a. A deadline for the completion of fact discovery[2] and disclosure pursuant to Rule 26(a)(3);

    b. Dates for complete disclosures of expert testimony under Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure;[3]

---

[2] The discovery deadline is the date by which all discovery must be completed. Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by this deadline, including time to resolve discovery disputes. Absent extraordinary circumstances, the Court will not entertain discovery disputes after this deadline.

[3] No expert witness not timely disclosed will be permitted to testify unless the party offering such witness demonstrates: (a) that the necessity of such expert witness could not have been reasonably anticipated at the time of the deadline for disclosing such expert

      c.     A deadline for completion of all expert depositions;

      d.     A deadline for filing dispositive motions;

      e.     A date by which the parties shall have engaged in good faith settlement talks.

13.    Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth the reasons);

14.    The estimated length of trial and any suggestions for shortening the trial;

15.    The prospects for settlement, including any request of the Court for assistance in settlement efforts; and

16.    Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1.

The parties shall jointly file the Plan with the Clerk (e-file the Plan using the Other Documents category and use the drop-down event Report re: Rule 26(f) Planning Meeting) not less than seven calendar days before the Scheduling Conference (absent extraordinary circumstances, no extensions of time will be granted). It is the responsibility of Plaintiff(s) to initiate the Rule 26(f) Meeting and preparation of the joint Plan. Defendant(s) shall promptly and cooperatively participate in the Rule 26(f) Meeting and assist in preparation of the proposed plan.

SCHEDULING CONFERENCE AND ORDER

The Court directs counsel to Rule 16 of the Federal Rules of Civil Procedure for the objectives of the Scheduling Conference. Counsel who will be responsible for trial of the lawsuit for each party shall appear and participate in the Scheduling Conference and shall have authority to enter into stipulations regarding all matters that may be discussed. A continuance of the Scheduling Conference will be granted only for good cause and will not be granted beyond the time limit set forth in Federal Rule of Civil Procedure Rule 16(b).

During or after the Scheduling Conference, the Court will enter a Scheduling Order.

---

witness; (b) the Court and opposing counsel or unrepresented party were promptly notified upon discovery of such expert witness; and (c) that such expert witness was promptly proffered for deposition. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

The form of the Court's standard Scheduling Order can be found on the Court's website at www.azd.uscourts.gov under Judges & Courtrooms; Orders, Forms & Procedures; Judge Rayes. The Court fully intends to enforce the deadlines in the Scheduling Order. The parties should plan their litigation activities accordingly.

OTHER MATTERS

Counsel for all parties are expected to comply fully with the Federal Rules of Civil Procedure and Local Rules and to minimize the expense of discovery.

Counsel should ensure that all pleadings comply with LRCiv 7.1 and LRCiv 7.2.

Unless counsel can otherwise show cause, an order shall accompany the Discovery Plan dismissing any party which has not been served, fictitious or unnamed parties, or seeking default judgment against any non-appearing party;

**If a party has been served, but has not appeared, plaintiff or counter-claimant shall give notice of this order to that party. Rule 16(b)(2), Fed. R. Civ. P.**

The parties shall not file written discovery motions without leave of court. If a discovery dispute arises and cannot be resolved despite sincere efforts to resolve the matter through personal consultation, the parties shall call the Court's Judicial Assistant, Michele Morgan, at (602)322-7530, to set a telephonic conference.

Dated this 20th day of February, 2025.

Douglas L. Rayes
Senior United States District Judge