Brian Bergin, #016375
Anthony R. Napolitano, #034586
**Bergin, Frakes, Smalley & Oberholtzer, PLLC**
4343 East Camelback Road, Suite 210
Phoenix, Arizona 85018
Telephone: (602) 888-7855
Facsimile: (602) 888-7856
bbergin@bfsolaw.com
anapolitano@bfsolaw.com
*Attorneys for Defendant Cahill*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JESSICA FIDLER, an individual; E.F., a minor, through his parent and guardian JESSICA FIDLER,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF ARIZONA, a government entity; ALONZO BORBOA, individually and as an employee with the State of Arizona Department of Child Safety; NICHOLE GARCIA, individually and as an employee with the State of Arizona Department of Child Safety; EDWIN WANGLER, individually and as an employee with the State of Arizona Department of Child Safety; DANA BURDEN, individually and as an employee with the State of Arizona Department of Child Safety; JANET CAHILL, Ph.D, individually; JOHN and JANE DOES 1-10; BLACK and WHITE ENTITIES 1-10,<br><br>Defendants. | Case No.: 2:25-cv-00570-DLR<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

For her Answer to Plaintiffs' First Amended Complaint, Defendant Janet Cahill, Ph.D. ("Defendant"), hereby admits, denies, and affirmatively alleges as follows:

## JURISDICTION AND VENUE

1. In answering paragraph 1 of Plaintiffs' Complaint, Defendant admits same.

2. In answering paragraph 2 of Plaintiffs' Complaint, Defendant admits same.

3. In answering paragraph 3 of Plaintiffs' Complaint, Defendant admits same.

4. In answering paragraph 4 of Plaintiffs' Complaint, Defendant denies same.

5. In answering paragraph 5 or Plaintiffs' Complaint, Defendant denies same.

## THE PARTIES

6. In answering paragraph 6 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge to either admit or deny.

7. In answering paragraph 7 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge to either admit or deny.

8. In answering paragraph 8 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge to either admit or deny.

9. In answering paragraph 9 of Plaintiffs' Complaint, Defendant admits that Defendant State of Arizona is a government entity and that its divisions and agencies include the Arizona Department of Child Safety ("DCS"), Office of Child Welfare Institutions ("OCWI"). Defendant denies that she is an official, employee, or agent of Defendant State of Arizona, DCS, or OCWI. Defendant lacks sufficient knowledge to either admit or deny the remaining allegations in paragraph 9 of Plaintiffs' Complaint.

10. In answering paragraph 10 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge to either admit or deny.

11. In answering paragraph 11 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge to either admit or deny.

12. In answering paragraph 12 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge to either admit or deny.

13. In answering paragraph 13 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge to either admit or deny.

14. In answering paragraph 14 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge to either admit or deny.

15. In answering paragraph 15 of Plaintiffs' Complaint, Defendant admits that she is an individual who resided in Minden, Nevada, at all times relevant to the Complaint, and admits that she provided consulting services for DCS. Defendant denies the remainder of the allegations made in paragraph 15 of the Complaint.

16. In answering paragraph 16 of Plaintiffs' Complaint, Defendant denies same.

17. In answering paragraph 17 of Plaintiffs' Complaint, Defendant denies same.

18. In answering paragraph 18 of Plaintiffs' Complaint, Defendant denies same.

19. In answering paragraph 19 of Plaintiffs' Complaint, Defendant denies same.

## FACTUAL ALLEGATIONS

20. In answering paragraphs 20 through 68 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

21. In answering paragraph 69 of Plaintiffs' Complaint, Defendant admits only that she was contacted by one or more of Defendants Wangler, Burden, and Garcia, on or about September 26, 2023, and that she is a retired professor from Rowan University Department of Psychology, living in Nevada. Further answering paragraph 69 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations contained therein and, therefore, on that basis, denies the same.

22. In answering paragraph 70 of Plaintiffs' Complaint, Defendant denies same.

23. In answering paragraph 71 of Plaintiffs' Complaint, Defendant admits that she requested and discussed Plaintiffs' records with other defendants to obtain relevant

information for her report.  Further answering paragraph 71 of the Complaint, Defendant denies all remaining allegations contained therein.

24.    In answering paragraph 72 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

25.    In answering paragraph 73 of Plaintiffs' Complaint, Defendant admits that she requested additional information to ensure the completeness of her report and to make an accurate diagnosis.  Defendant asserts that requesting additional information where it is available is good and appropriate practice to ensure proper professional analysis is completed.  Further answering paragraph 73 of the Complaint, Defendant denies all other allegations contained therein.

26.    In answering paragraph 74 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

27.    In answering paragraph 75 of Plaintiffs' Complaint, Defendant denies same.

28.    In answering paragraph 76 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

29.    In answering paragraph 77 of Plaintiffs' Complaint, Defendant admits that she, on or about October 24, 2023, issued a report which, in part, concluded that Jessica Fidler met the criteria for FDIA.  Further answering paragraph 77 of the Complaint, Defendant denies all other allegations contained therein.

30.    In answering paragraph 78 of Plaintiffs' Complaint, Defendant denies same. Defendant asserts that there was ample evidence Plaintiff met the criteria of FDIA and Defendant personally reviewed this information.

31. In answering paragraph 79 of Plaintiffs' Complaint, Defendant admits that the quoted language appears in her report. Further answering paragraph 79 of the Complaint, Defendant denies all other allegations contained therein.

32. In answering paragraph 80 of Plaintiffs' Complaint, Defendant denies that her report was inaccurate and/or unreliable. Further answering paragraph 80 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations contained therein and, therefore, on that basis, denies the same.

33. In answering paragraphs 81 through 83 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

34. In answering paragraph 84 of Plaintiffs' Complaint, Defendant admits that it contains restatements of the information contained in Exhibit 3 to the Complaint, but Defendant denies that the information restated in subparagraphs 84.a. through 84.j. was all "falsely stated." Further answering paragraph 84 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations contained therein and, therefore, on that basis, denies the same.

35. In answering paragraphs 85 through 126 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

## CLAIMS FOR RELIEF

### Count One

### 42 U.S.C. § 1983 – Breach of Plaintiffs' First, Fourth and Fourteenth Amendment rights to familial association

### (Against Defendants Wangler, Burden, Garcia, Borboa, and Cahill)

36. Answering Paragraph 127 of Plaintiffs' Complaint, Defendant realleges and reincorporates its admissions, denials, and affirmative allegations found in Paragraphs 1-35 above.

37. Answering Paragraph 128 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

38. Answering Paragraph 129 of Plaintiffs' Complaint, Defendant denies the allegations directed at Defendant. Further answering, Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations contained in therein and, therefore, on that basis, denies the same.

39. Answering Paragraph 130 of Plaintiffs' Complaint, Defendant denies the allegations directed at Defendant. Further answering, Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations contained therein and, therefore, on that basis, denies the same.

40. Answering Paragraph 131 of Plaintiffs' Complaint, Defendant denies her report is "unreliable." Further answering, Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations contained therein and, therefore, on that basis, denies the same.

41. Answering Paragraph 132 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations contained therein and, therefore, on that basis, denies the same.

42. Answering Paragraph 133 of Plaintiffs' Complaint, Defendant is without knowledge as to the meaning of "the information initially provided" and, therefore, denies the allegations contained therein.

43. Answering Paragraph 134 of Plaintiffs' Complaint, Defendant is without knowledge as to the meaning Plaintiff assigns to "a finding of FDIA was necessary" and, therefore, denies the allegations contained therein.

44. Answering Paragraph 135 of Plaintiffs' Complaint, Defendant denies same.

45. Answering Paragraph 136 of Plaintiffs' Complaint, Defendant denies the allegations directed at Defendant. Further answering, Defendant is without sufficient

knowledge or information to form a belief as to the remaining allegations contained therein and, therefore, on that basis, denies the same.

46. Answering Paragraph 137 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

47. Answering Paragraph 138 of Plaintiffs' Complaint, Defendant denies the allegations directed at Defendant. Further answering, Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations contained therein and, therefore, on that basis, denies the same.

## Count 2

## Retaliation

### (Against Defendants Wangler, Burden, Garcia, and Borboa)

48. Answering Paragraph 139 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

49. Answering Paragraph 140 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

50. Answering Paragraph 141 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

51. Answering Paragraph 142 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

52. Answering Paragraph 143 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

53. Answering Paragraph 144 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

54. Answering Paragraph 145 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

**Count Three**

**Abuse of Process**

**(As Against Defendants Wangler, Burden, Garcia and Borboa)**

55. Answering Paragraph 146 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

56. Answering Paragraph 147 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

57. Answering Paragraph 148 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

58. Answering Paragraph 149 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

59. Answering Paragraph 150 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

## Count Four

## Negligence Per Se

### (Against Defendants Wangler, Burden, Garcia, and Borboa)

60. Answering Paragraph 151 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

61. Answering Paragraph 152 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

62. Answering Paragraph 153 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

63. Answering Paragraph 154 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

64. Answering Paragraph 155 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

65. Answering Paragraph 156 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

66. Answering Paragraph 157 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

67. Answering Paragraph 158 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

68. Answering Paragraph 159 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

### Count Five

### Negligence And/Or Gross Negligence

### (Against Defendants Wangler, Burden, Garcia, and Borboa)

69. Answering Paragraph 160 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

70. Answering Paragraph 161 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

71. Answering Paragraph 162 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

72. Answering Paragraph 163 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

### Count Six

### Negligence And/Or Gross Negligence

### (Against Defendant State of Arizona)

73. Answering Paragraph 164 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

74. Answering Paragraph 165 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

75. Answering Paragraph 166 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

76. Answering Paragraph 167 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

77. Answering Paragraph 168 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

78. Answering Paragraph 169 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

79. Answering Paragraph 170 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

80. Answering Paragraph 171 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

81. Answering Paragraph 172 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

82. Answering Paragraph 173 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

## Count Seven

## Intentional Inflection [sic] of Emotional Distress

### (Against All Defendants)

83. Answering Paragraph 174 of Plaintiffs' Complaint, Defendant realleges and reincorporates its admissions, denials, and affirmative allegations found in Paragraphs 1-82 above.

84. Answering Paragraph 175 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

85. Answering Paragraph 176 of Plaintiffs' Complaint, Defendant denies the allegations directed at Defendant and denies her report was "essentially manufactured." Further answering, Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations contained therein and, therefore, on that basis, denies the same.

86. Answering Paragraph 177 of Plaintiffs' Complaint, Defendant denies the allegations directed at Defendant. Further answering, Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations contained in therein and, therefore, on that basis, denies the same.

87. Answering Paragraph 178 of Plaintiffs' Complaint, Defendant denies the allegations directed at Defendant. Further answering, Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations contained in therein and, therefore, on that basis, denies the same.

88. Answering Paragraph 179 of Plaintiffs' Complaint, Defendant denies the allegations directed at Defendant. Further answering, Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations contained in therein and, therefore, on that basis, denies the same.

## Count Eight

## Aiding and Abetting Tortious Conduct

### (Against Defendant Cahill)

89. Answering Paragraph 180 of Plaintiffs' Complaint, Defendant realleges and reincorporates its admissions, denials, and affirmative allegations found in Paragraphs 1-88 above.

90. Answering Paragraph 181 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

91. Answering Paragraph 182 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained therein and, therefore, on that basis, denies the same.

92. Answering Paragraph 183 of Plaintiffs' Complaint, Defendant denies same.

93. Answering Paragraph 184 of Plaintiffs' Complaint, Defendant denies same.

94. Answering Paragraph 185 of Plaintiffs' Complaint, Defendant denies same.

**AFFIRMATIVE DEFENSES**

As affirmative defenses to the allegations in the Complaint, Defendant states as follows:

1. Defendant denies any allegations not specifically admitted herein.

2. As and for a separate and affirmative defense, and in the alternative, Defendant alleges that this Court lacks personal jurisdiction over her and that this defense is not waived in the answering of Plaintiffs' Complaint.

3. As and for a separate and affirmative defense, and in the alternative, Defendant alleges that the Complaint fails to state a claim upon which relief can be granted.

4. As and for a separate and affirmative defense, and in the alternative, neither the actions nor inactions of Defendant violated the state or federal constitutional rights of Plaintiff.

5.As and for a separate and affirmative defense, and in the alternative, Defendant denies that she was deliberately indifferent to, or even aware of, conditions posing a substantial risk of serious harm to Plaintiffs' rights.

6.As and for a separate and affirmative defense, and in the alternative, Defendant alleges that Plaintiffs failed to demonstrate the requisite showing of intent necessary to sustain a cause of action alleging a constitutional violation, thereby warranting a dismissal of said claims in their entirety.

7.As and for a separate and affirmative defense, and in the alternative, Defendant alleges that at all times relevant to the Complaint, Defendant acted in good faith, and did not violate Plaintiffs' constitutional rights of which a reasonable DCS contractor or employee would have known, or that was clearly established by law, thereby affirmatively raising the defense of qualified immunity.

8.As and for a separate and affirmative defense, and in the alternative, Defendant asserts her entitlement to all immunities applicable under federal or state law, including, without limitation, the immunities set forth in A.R.S. §§ 12-820 and 12-821 *et. seq.,* and all immunities afforded to public employees, absolute or qualified.

9.As and for a separate and affirmative defense, and in the alternative, Defendant asserts she has been sued in her official capacity only and are not a proper party to Plaintiffs' 42 U.S.C. § 1983 claims because state employees in their official capacity do not constitute a "person" within the meaning of 42 U.S.C. § 1983, because a suit against the official capacity officers is akin to a suit against the State itself. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).

10.As and for a separate and affirmative defense, and in the alternative, Plaintiffs' claims are barred by Plaintiffs' failure to join an indispensable party.

11.As and for a separate and affirmative defense, and in the alternative, Defendant alleges that Plaintiff has failed to mitigate her damages, thus barring or reducing her recovery.

14

12. As and for a separate and affirmative defense, and in the alternative, Defendant alleges that Plaintiff was contributorily negligent and/or any damages received by Plaintiff were the result of an intervening/superseding cause or occurred as a result of the negligence of someone other than Defendants, all of which bar recovery to Plaintiff herein.

13. Arizona is a comparative-fault state. A.R.S. § 12-2506. As and for a separate and affirmative defense, and in the alternative, Plaintiffs' alleged damages were the result of Plaintiffs' or others' negligence, inattention, assumption of the risk, or other wrong or unsafe act(s), thereby reducing or eliminating Plaintiffs' damages by the percentage of fault attributed to Plaintiff or others.

14. As and for a separate and affirmative defense, and in the alternative, Defendant alleges that if, indeed, she is determined to be liable for the allegations contained in the Complaint, then Defendant is entitled to contribution from other defendants, named or unnamed, by way of the Doctrine of Contribution.

15. As and for a separate and affirmative defense, and in the alternative, Defendant alleges that Plaintiff assumed the risk of her damages, acted in direct and intentional violation of Arizona law, and acted intentionally and knowingly, jeopardizing her safety and well-being, all of which bar recovery or reduce recovery to Plaintiffs herein from Defendants.

16. As and for a separate and affirmative defense, and in the alternative, Defendant alleges that Plaintiffs' claim is barred, or, alternatively, that Plaintiffs' damages must be reduced due to the applicability of the Doctrine of Mitigation of Damages and avoidable consequences.

17. As and for a separate and affirmative defense, and in the alternative, Defendant alleges Plaintiff may have failed to preserve relevant evidence. Therefore, Defendant asserts the defense of spoliation of evidence and will request an adverse jury instruction at the time of trial.

18. As and for a separate and affirmative defense, and in the alternative, Defendant alleges that unknown third persons or entities caused Plaintiffs' alleged damages. Defendants will identify such other persons or entities, as required by Ariz. R. Civ. Pro. 26(b)(5), with the relative degree of fault, if any, to be determined, according to A.R.S. § 12-2506.

19. As and for a separate and affirmative defense, and in the alternative, Plaintiffs' claims may be barred by A.R.S. § 12-821.01 for failing to properly serve a notice of claim and/or an adequate notice of claim.

20. Although Defendants do not presently have specific facts in support of the additional defenses stated in this paragraph, it wishes to put Plaintiffs on notice that they do not waive and reserve the right to assert each of the following defenses which, through subsequent discovery may be supported by the facts: lack of jurisdiction over the person and/or entity, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, set-off, failure to join an indispensable party, failure of consideration, fraud, illegality, laches, license, payment, release, *res judicata*, statute of frauds, statute of limitations, spoliation of the evidence, insufficiency of process and insufficiency of service of process and waiver and any affirmative defense available under Ariz. R. Civ. Pro. 8 and 12.

### REQUEST FOR RELIEF

WHEREFORE, having fully answered the allegations in the First Amended Complaint, Defendant respectfully requests that this Court entre judgment in her favor and against Plaintiff as follows:

A. Dismissing the Complaint with prejudice and Plaintiff taking nothing thereby;

B. Awarding reasonable attorneys' fees, costs, and expenses incurred herein; and

C. For other such relief as this Court deems just and proper.

DATED this 14th day of March, 2025.

**BERGIN, FRAKES, SMALLEY & OBERHOLTZER, PLLC**

By: */s/ Anthony R. Napolitano*
Brian Bergin
Anthony R. Napolitano
4343 East Camelback Road, Suite 210
Phoenix, AZ 85018
*Attorneys for Defendant Cahill*

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2025, I electronically transmitted the foregoing document for filing with the Arizona District Court Clerk's Office using the CM/ECF system for filing, which will provide a Notice of Electronic Filing to all CM/ECF registrants.

By: */s/ Shelly Hilton*