Thomas A. Connelly (AZ Bar #109430)
Robert T. Mills (AZ Bar #018853)
Sean A. Woods (AZ Bar #028930)
**MILLS + WOODS LAW PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com

DeeAn Gillespie Strub (AZ Bar #009987)
Jenny D. Jansch (AZ Bar #024431)
**GILLESPIE, SHIELDS, & TAYLOR**
7319 North 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700
Fax: (602) 870-9783
mailroom@gillaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Fidler, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>State of Arizona, *et al.*,<br><br>Defendants. | Case No. 2:25-cv-00570-DLR<br><br>**JOINT PROPOSED DISCOVERY PLAN**<br><br>(Hon. Douglas L. Rayes) |

Pursuant to the Court's 20 February 2025 Order Setting Rule 16 Scheduling Conference (Doc. 6), and in accordance with Fed. R. Civ. P. 26(f), undersigned counsel have conferred and submit this Joint Proposed Discovery Plan.

**1.    The parties who attended the Rule 26(f) Meeting and assisted in developing the plan.**

*Plaintiffs*: Jessica Fidler and E.F. by Thomas A. Connelly, Mills + Woods Law PLLC

*Defendants*:

State of Arizona, Alonzo Borboa, Nichole Garcia, Edwin Wanger, and Dana Burden ("State Defendants") by Daniel J. O'Connor, Jr., Danny O'Connor, and Jenn Tetreault of O'Connor & Dyet, P.C.

Defendant Janet Cahill by Anthony Napolitano of Bergin, Frakes, Smalley & Oberholtzer, PLLC.

**2.     A short statement of the nature of the case (3 pages or less), including a description of each claim and defense.**

a. Plaintiffs' Statement of the Nature of the Case

Jessica Fidler ("Jessica") is the mother of E.F. Jessica is a single mother. E.F. was conceived by artificial insemination. E.F. has suffered from complex medical problems since birth. It is alleged that the second removal of E.F. was retaliatory and otherwise the intended consequence of unlawful conduct of State Defendants and Defendant Cahill. It is further alleged that the conduct of Defendants caused injury to Plaintiffs.

The first wrongful removal occurred in 2020. In January 2020, a hospitalist at Phoenix Children's Hospital ("PCH") reported Jessica to the Arizona Department of Child Safety ("DCS") hotline for allegedly abusing E.F. by Factitious Disorder Inflected on Another ("FDIA"), also known as Munchausen Syndrome by Proxy ("MSBP"), a DSM 5 mental health disorder. The PCH hospitalist had seen E.F. only once in July 2017 and was not E.F.'s treating physician at that time nor in January 2020. His allegations were reckless and false.

Jessica never abused E.F. by FDIA or any other means. DCS did not thoroughly investigate the January 2020 allegation before removing E.F. Instead, DCS outsourced the investigation to the hotline caller himself, and relied on the opinion of Drue Kaplan-Siekman, a freelance DCS social worker with no medical training and who was particularly unqualified to investigate or opine on the FDIA allegation. Furthermore, DCS failed to speak to *any* of the key specialists treating E.F., including numerous PCH doctors who had treated E.F. for years.

2

As a result of this fundamentally flawed investigation, DCS took E.F. into care in April 2020, and placed him in a culturally inappropriate foster home. On August 19 and 20, 2020, and September 14, 2020, the juvenile court conducted two interim evidentiary hearings. The juvenile court questioned DCS if there was *any* factual basis to support the dependency petition once it heard testimony from E.F.'s treating physicians, all of whom testified that Jessica had not abused E.F. Jessica moved for summary judgment, which prompted the State to interview four of E.F.'s treating physicians. None agreed that Jessica was abusive by FDIA. DCS then withdrew the dependency petition and E.F. was returned to Jessica in November 2020. DCS never corrected the gross and material errors in its internal records. Jessica and E.F. filed a civil rights action against them arising from the unlawful April 2020 removal. *See* Arizona District Court Case No. CV-22-00300-PHX-ROS. The district court dismissed that action ruling that the complaint did not set forth any plausible claims. The Ninth Circuit upheld that dismissal. S*ee* Ninth Circuit Court of Appeals Case No. 23-15691.

State Defendants then opened a new investigation regarding Jessica on 20 January 2023. On that day, DCS investigators arrived at the family's home when Jessica and E.F. were not there. However, Jessica spoke with DCS Investigator Natasha Pavlina through a Ring doorbell camera, but Ms. Pavlina refused to give Jessica any information about why she was there, stating only that she wanted to speak with Jessica in person. Jessica agreed to meet and speak with the DCS investigators, but, despite numerous subsequent attempts by Jessica and her counsel to schedule a meeting with Ms. Pavlina and/or her supervisor, Defendant Nichole Garcia, the requests were ignored by DCS. Also, despite numerous subsequent written requests by Jessica, State Defendants did not provide Jessica any substantive information about the nature of the allegations being investigated. State Defendants never responded to Jessica's multiple requests to know the basis for the investigation, or the status of the investigation as it progressed.

Concurrently with State Defendants investigation, on or about January 20, 2023, Ms. Pavlina and Defendant Garcia also asked the Gilbert Police Department to open a

Mills + Woods Law, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

3

criminal investigation of child abuse based on the unsupported medical abuse claims in the first dependency. Gilbert Police Detective Jo Roman, Badge #3072, obtained E.F.'s medical records and investigated the alleged allegations of child medical abuse, another term for FDIA. Detective Roman also sought and received documentation from Jessica's counsel. Detective Roman turned the medical documentation over to the Maricopa County Attorney's office for prosecution but that office declined to prosecute.

The Maricopa County Attorney's Office reported to Detective Roman that "there are no reviewing doctors who are reporting Jessica's actions are consistent with child abuse." Detective Roman then closed his investigations, stating in his report, "based on the lack of elements of a crime, this case will be cleared as unfounded." No criminal charges were initiated against Jessica. Even though Detective Roman and the Maricopa County Attorney's Office found no evidence of child medical abuse, State Defendants were undeterred.

In October 2023, in a wrong-headed attempt to substantiate anew the past allegations of medical abuse, State Defendants sent the erroneous and misleading DCS and PCH records from the 2020 dependency to a pliable, DCS-friendly, out-of-state doctor, Defendant Janet Cahill, Ph.D., and persuaded her to opine that Jessica suffered from FDIA. Defendant Cahill recommended that E.F. be removed from Jessica's care, that E.F. have no contact with Jessica for at least four weeks (and preferably eight weeks), and that if E.F. improved during that period of no contact, she would support moving towards the termination of Jessica's parental rights.

Based on Cahill's forensically unreliable report, DCS Deputy Chief, Defendant Dana Burden, and Office of Child Welfare Investigations ("OCWI") Chief, Defendant Edwin Wangler, authorized E.F.'s removal from his mother's custody. DCS OCWI Investigator, Defendant Alonzo Borboa, filed an *Application & Declaration for Ex-Parte Removal of Child* based on Cahill's clumsy report and false allegations of medical abuse. On October 24, 2023, at 2:54 p.m., E.F. was illegally seized by State Defendants while at school and temporarily placed at DCS' so-called Welcome Center. At the time of the

4

warrantless seizure, E.F. was not at imminent risk of serious bodily harm or death. That is, there was no emergency to justify the warrantless seizure. While in DCS's custody, on October 26, 2023, Desiree Manrique, a DCS Welcome Center employee, dispensed to E.F. a cocktail of toxic medications not prescribed to E.F. The toxic medications nearly killed E.F. After his release from the hospital, State Defendants placed E.F. at Legend Group Home. On October 23, 2024, State Defendants filed a second Dependency Petition which contained unsubstantiated allegations and allegations they knew or should have known were false. Fourteen days after his wrongful removal and near death while in DCS custody, E.F. was returned to Jessica's care on November 7, 2023. At the pre-hearing juvenile court conference on January 11, 2024, the State moved to dismiss the second dependency petition, admitting that it could not meet its burden of proof that Jessica medically abused E.F.

   b. Plaintiffs' Claims

Plaintiffs assert claims against State Defendants and Defendant Cahill for a variety of Section 1983 and state-law claims alleging that Defendants retaliated against Plaintiffs by wrongfully removing E.F., detaining him, and depriving Jessica of custody of E.F. The § 1983 claims assert that State Defendants deprived Plaintiffs of their First Amendment freedom of association, their Fourth Amendment right to be free from unlawful seizure, due process violations about medical decision making, and due process from false testimony and judicial representations. The state-law claims assert retaliation, abuse of process, negligence per se, negligence and/or gross negligence, intentional inflection of emotional distress, and aiding and abetting tortious conduct.

   c. Defendants' Statement of the Nature of the Case
      i. State Defendants

State Defendants deny all liability and dispute Plaintiffs' alleged damages.

      ii. Defendant Cahill

Defendant Cahill denies all liability and disputes Plaintiffs' alleged damages.

5

d. <u>Defendants' Defenses</u>

iii. <u>State Defendants</u>

State Defendants assert all defenses contained in their Answer to Plaintiffs' First Amended Complaint, separately and in the alternative, including but not limited to: failure to state a claim upon which relief can be granted, qualified and absolute immunity, failure to join an indispensable party, failure to mitigate damages, contributory negligence, lack of proximate cause, right to contribution or set off, assumption of the risk, illegality, spoilation, any affirmative defense available under Fed. R. Civ. P. 8 and 12, and failure to provide adequate notice of a claim under A.R.S. § 12-821.01.

i. <u>Defendant Cahill</u>

Defendant Cahill asserts all defenses contained in her Answer to Plaintiffs' First Amended Complaint, separately and in the alternative, including but not limited to: lack of personal jurisdiction, failure to state a claim upon which relief can be granted, qualified and absolute immunity, failure to join an indispensable party, failure to mitigate damages, contributory negligence, lack of proximate cause, right to contribution or set off, assumption of the risk, illegality, spoilation, any affirmative defense available under Fed. R. Civ. P. 8 and 12, and failure to provide adequate notice of a claim under A.R.S. § 12-821.01.

**3.    A description of the principal factual and legal disputes in the case.**

All facts and legal disputes not admitted by State Defendants remain in dispute. Defendant Cahill who has yet to answer is expected to dispute all facts and legal disputes not otherwise admitted.

**4.    The jurisdictional basis for the case, citing specific jurisdictional statutes.**

Plaintiffs bring this civil-rights lawsuit pursuant to the First, Fourth, and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1871, 42 U.S.C. § 1983, Arizona Revised Statutes § 12-641, and Arizona common law. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), which provides for

6

original jurisdiction in federal court for all suits brought under 42 U.S.C. § 1983. Jurisdiction is also proper under 28 U.S.C. § 1331 because this action asserts claims for relief which derive from the United States Constitution and the laws of the United States. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 42 U.S.C. § 1367(c).

Plaintiffs are Arizona residents. State Defendants are Arizona residents. Defendant Cahill is a Nevada resident.

Jurisdiction is not based on diversity, but, nonetheless, the amount in controversy exceeds the minimal limits of this Court.

**5.    Any parties which have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared.**

All parties have been served and filed an answer.

**6.    A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings.**

The parties should be allowed 100 days from issuance of the Rule 16 Scheduling Order to add additional parties to the case or otherwise amend the pleadings. Should any party believe that further amendment is required after that date due to the discovery of the identity of additional parties or claims, they may seek leave from the Court.

**7.    A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705).**

The parties reserve the right to file any motions that are appropriate at the time of filing and permissible under the Federal Rules of Civil Procedure of the Federal Rules of Evidence, including Rules 702-705, and the local rules given the then-current state of these proceedings, the nature of the issues raised by the motion, and any standing order of the Court regarding the filing of motions. Such motions may include discovery motions or dispositive motions.

The parties anticipate filing a joint motion for protective order.

a. **Plaintiffs**: Plaintiffs anticipate seeking partial summary judgment on the issue of liability on their claims for civil rights violations, leaving only the issue of damages to be tried as to those claims This motion will be based largely on the acts and omissions of State Defendants in conducting an inadequate investigation of the alleged hotline call allegations, said failure resulting in the minor child being seized from the care and custody of his mother in the absence of exigent circumstances and the minor suffering injuries as a result of State Defendants negligence in dispensing the wrong medication.

b. **State Defendants**:

As discovery progresses and reveals the extent to which the subsequent are viable, State Defendants intend to seek summary judgment, at minimum, based on Plaintiffs' failure to state a claim upon which relief can be granted and qualified or absolute immunity, as applicable.

c. **Defendant Cahill**:

Defendant Cahill expects to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) because, *inter alia*, this Court lacks personal jurisdiction over her and, independently, Plaintiffs have failed to state a claim against her because she was not acting under color of law during the times relevant to the Complaint. Further, as discovery progresses and reveals the extent to which the subsequent are viable, Defendant Cahill intends to seek summary judgment, at minimum, based on Plaintiffs' failure to state a claim upon which relief can be granted and qualified or absolute immunity, as applicable.

**8.     Whether the case is suitable for reference to arbitration or a United States Magistrate Judge for trial.**

The parties agree that this case is not suitable for reference to arbitration as they have asserted their right to a jury trial. At least one party has filed an election for trial by District Court Judge; therefore, reference to a United States Magistrate Judge is not appropriate.

**9.     The status of related cases pending before other courts or other judges of this Court.**

8

There are no related case pending before this Court or other courts or judges.

10. **A statement of when the parties exchanged Federal Rule of Procedure 26(a) initial disclosures.**

The parties were ordered (Doc. 6) to exchange initial disclosure by 11 March 2025.

11. **A discussion of necessary discovery, including:**

The parties do not propose any limitations on discovery beyond those stated by the rules; however, the parties reserve the right to seek a protective order for any discovery believed to be disproportionate or immaterial to the needs of the case, as proportionality is contemplated in Fed R. Civ. P. 26(b)(1). In addition, the parties anticipate seeking a protective order to facilitate the disclosure of documents which are otherwise confidential or privileged under Arizona law, such as DCS records, juvenile court records, financial information, healthcare records, internal business documents, and other documents protected by relevant attorney-client privileges.

　　a.　**The extent, nature, and location of discovery anticipated by the parties.**

The parties agree that the scope of discovery should be consistent with Fed. R. Civ P. 26(b)(1). The parties do not propose any phasing of discovery. The parties do not propose that discovery be limited to focus on any particular issues. The parties anticipate that all discovery is located within, and will take place within, the District of Arizona, or remotely as may be necessary or convenient for out-of-state parties or witnesses.

　　b.　**Suggested changes, if any, to the discovery limitation imposed by Federal Rules of Civil Procedure.**

The parties do not propose any limitations on discovery beyond those stated by the rules; however, the parties reserve the right to seek a protective order for any discovery believed to be disproportionate or immaterial to the needs of the case, as proportionality is contemplated in Fed. R. Civ. P 26(b)(1). In addition, the parties anticipate seeking a protective order to facilitate the disclosure of documents which are otherwise confidential or privileged under Arizona law.

      c.      **The number of hours permitted for each deposition, unless extended by agreement of the parties.**

The parties do not anticipate needing to exceed time limits for depositions under Fed. R. Civ. P. Rule 30(d)(1), but if more time is needed than allowed by the Rules, the parties agree to work cooperatively to resolve the issue. If an issue arises that cannot be resolved, only then will the parties request the Court's assistance. The parties do not believe a total number of deposition hours should be imposed in this case.

12. **Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable):**

    a.      **A deadline for the completion of fact discovery and disclosure pursuant to Rule 26(a)(3).**

    May 1, 2026

    b.      **Dates for complete disclosures of expert testimony under Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure.**

    Plaintiffs' Experts:      January 9, 2026

    Defendants' Experts:      February 6, 2026

    Rebuttal Experts:      March 6, 2026

    c.      **A deadline for completion of all expert depositions.**

    May 1, 2026

    d.      **A deadline for filing dispositive motions.**

    August 28, 2026

    e.      **A date by which the parties shall have engaged in good faith settlement talks.**

    May 29, 2026

13. **Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth the reasons).**

    Plaintiffs have requested a jury trial, that request is not contested.

14. **The estimated length of trial and any suggestions for shortening the trial.**

The estimated length of trial is ten (10) days, exclusive of jury selection. Motion practice might be successful in narrowing the issues and thus shortening the length of trial.

**15. The prospects for settlement, including any request of the Court for assistance in settlement efforts; and**

At this stage of the matter, the prospects for settlement are indeterminate, though that is expected to change as the case progresses and the facts are more fully developed through discovery.

**16. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rules of Civil Procedure 1.**

None that the parties are aware of currently.

**RESPECTFULLY SUBMITTED** this 24th day of March 2025.

**MILLS + WOODS LAW PLLC**

By  */s/ Thomas A. Connelly*
    Thomas A. Connelly
    Robert T. Mills
    Sean A. Woods
    5055 North 12th Street, Suite 101
    Phoenix, Arizona 85014

**GILLESPIE, SHIELDS, & TAYLOR**

    DeeAn Gillespie Strub
    Jenny D. Jansch
    7319 North 16th Street
    Phoenix, AZ 85020

    *Attorneys for Plaintiffs*

O'CONNOR & DYET, P.C.

By: /s/ Danny O'Connor III
Daniel J. O'Connor, Jr.
Danny O'Connor III
Jenn Tetreault
7955 South Priest Drive
Tempe, AZ 85284

*Attorneys for State Defendants*

BERGIN, FRAKES, SMALLEY & OBERHOLTZER, PLLC

By: /s/ Anthony R. Napolitano
Brian Bergin
Anthony R. Napolitano
4343 East Camelback Road, Suite 210
Phoenix, AZ 85018

*Attorneys for Defendant Janet Cahill, Ph.D.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2025, I electronically transmitted the foregoing document to be filed electronically with the Clerk's Office through the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to be served on all counsel of record via the Court's CM/ECF system.

/s/    Thomas A. Connelly