Daniel J. O'Connor, Jr., Bar No. 010081
Danny O'Connor III, Bar No. 034188
Jenn Tetreault, Bar No. 035566
**O'CONNOR LAW P.C.**
7955 South Priest Drive
Tempe, AZ 85284
daniel.oconnor@occlaw.com
danny.oconnor@occlaw.com
jenn.tetreault@occlaw.com
602-241-7000
*Attorneys for State Defendants*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Fidler, | Case No.: 2:25-cv-00570-DLR |
| Plaintiff, | |
| v. | **JOINT MOTION FOR PROTECTIVE ORDER** |
| STATE OF ARIZONA, a government entity; ALONZO BORBOA, individually and as an employee with the State of Arizona Department of Child Safety; NICHOLE GARCIA, individually and as an employee with the State of Arizona Department of Child Safety; EDWIN WANGLER, individually and as an employee with the State of Arizona Department of Child Safety; DANA BURDEN, individually and as an employee with the State of Arizona Department of Child Safety; JANET CAHILL, Ph.D, individually; | (Assigned to the Honorable Douglas L. Rayes) |
| Defendants. | |

Plaintiff Jessica Fidler ("Plaintiff") and Defendants State of Arizona, Alonzo Borboa, Nichole Garcia, Edwin Wangler, and Dana Burden (collectively, "State Defendants"), and Defendant Janet Cahill (together, the "Parties"), hereby jointly move this Court to enter the

attached Protective Order. This Joint Motion for Protective Order (the "Motion") is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

Arizona and federal law demand that certain records and documents relevant to this matter be designated as confidential and treated accordingly. The Parties argue that good cause exists for this Court to enter the Protective Order under Fed. R. Civ. P. 26(C).

**I.    FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff brings this matter on behalf of herself and her minor child, "E.F." She alleges state law and federal constitutional claims against State Defendants, who include several employees of the Arizona Department of Child Safety ("DCS"), for allegedly impermissibly taking custody of E.F. and starting dependency proceedings in violation of Plaintiff's rights.

In early 2023, State Defendants received allegations regarding Plaintiff, E.F., and suspicions of Factitious Disease Imposed on Another ("FDIA"). During the subsequent investigation, State Defendants contracted the services of Defendant Janet Cahill ("Defendant Cahill") to review medical records and other information regarding E.F. and Plaintiff. After doing so, Defendant Cahill recommended that DCS remove E.F. from Plaintiff's care. State Defendants did so and started dependency proceedings in the juvenile court of Maricopa County. Plaintiff alleges that, while in State Defendants' care and custody, E.F. was administered medication for another child, resulting in a medical emergency that nearly took E.F.'s life. About two weeks after the removal, DCS returned E.F. to Plaintiff's care and moved to dismiss the dependency petition.

Plaintiff now asserts claims against State Defendants and Defendant Cahill stemming from that removal and dependency proceedings for a variety of claims arising under Arizona law, 42 U.S.C. § 1983, and various amendments of the United States Constitution.

## II. LEGAL ARGUMENT

The Parties agree that disclosure of certain records in this matter may expose the Parties, or any other third parties named within, to annoyance, embarrassment, or oppression. *See* Fed. R. Civ. P. 26(c). Moreover, state and federal law prohibits the public disclosure of certain records relevant to this matter. Accordingly, the entry of the Protective Order is the best practicable way to move forward with discovery while reserving the Parties' rights to assert any objections or exceptions to the confidential treatment of such records under any applicable federal or state law.

### A. The Parties Cannot Exchange Confidential Medical, DCS, Educational, and Juvenile Court Records without a Protective Order.

Under A.R.S. § 8-807 and federal law, all DCS records are designated confidential. *See* 42 U.S.C. § 5106a(b)(2)(B). Any filings and records from the Maricopa County juvenile court's dependency proceedings, out of which this civil suit arises, are also designated confidential pursuant to Arizona law. *See* Ariz. R. P. Juv. Ct. 313(a) (designating that all records of dependency proceedings "are confidential and must be withheld from public inspection"). Further, while a person who is the subject of DCS records might have the right to receive the same about herself under A.R.S. § 8-807(E), she "may not waive the confidentiality of DCS information concerning any other person." A.R.S. § 8-807(Q). Doing so is a misdemeanor. A.R.S. § 8-807(U). Likewise, if DCS receives similar information deemed confidential by law, it must maintain the confidentiality of the same. A.R.S. § 8-807(P). Further state and federal law—namely, the Health Insurance Portability and Accountability Act ("HIPAA"), 42 C.F.R. § 2.64(d), 45 C.F.R. §§ 164.502, 512(E), and A.R.S. §§ 12-2235, 2292, and 2294(A)—protect the confidentiality of health information and health-related records. Arizona law also protects both medical and educational records. A.R.S. §§ 12-2292, 15-141.

Therefore, any documents and information comprising DCS's records, the records of the juvenile court of Maricopa County, and any evidence included therein regarding Plaintiff,

E.F., and the State Defendants, including any health-related, medical, or educational records, is considered confidential under Arizona and federal law. The Court should accordingly enter the Protective Order to let the Parties exchange that confidential information with assurance that the same will not be impermissibly subjected to public inspection.

### B.    The Protective Order Is Tailored to the Needs of the Case, Balancing Necessary Disclosures and Releases of Information.

Nonetheless, this Court allows the disclosure of all non-privileged information that is relevant and proportional to the needs of the Parties' claims and defenses, thus permitting disclosure of confidential information in a way that balances the needs of the litigation, public interest in the proceedings, and the confidentiality interests at stake. Fed. R. Civ. P. 26(c). For example, HIPPA allows disclosure of protected health information upon a person's consent or pursuant to a court order. 45 C.F.R. § 164.512(e)(1)(i). Arizona likewise allows for the disclosure of juvenile court records under a court order and the release of DCS records for litigation purposes. A.R.S. § 8-807(K)–(M); Ariz. R. P. Juv. Ct. 313(a)(1)(F).

Entry of the Protective Order will permit the Parties to exchange and access the voluminous medical, juvenile court, educational, and DCS records they expect to exchange that are relevant to their respective claims and defenses without the duplicative motion practice that would otherwise be necessary to protect confidential information therein from public disclosure. *See Catrone v. Miles*, 215 Ariz. 446, 455, ¶ 27 (App. 2007) ("Applying Arizona law, we treat the statutory requirement of confidentiality to be an additional factor the trial court must consider before disclosure may occur."). However, the Protective Order still lets the Parties contest confidentiality designations, or waive their own, while setting forth an orderly and standardized method for doing so. Thus, the Protective Order is the best practicable way to proceed while preserving judicial economy and balancing public interest in discovery with the potential harm to the individuals, one of which is a minor child, named in these sensitive documents. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984) (finding "a substantial

interest" in preventing the public release of information that "could be damaging to reputation and privacy"); *Id.*, 215 Ariz. at 456, ¶ 31 ("interests in confidentiality may typically be satisfactorily protected by … an order limiting disclosure of the information to those with a need to know for the purposes of the litigation").

## III.    CONCLUSION

The Parties trust that any risk that may result from exchanging the aforementioned records for the limited purpose of this litigation will be minimized by entry of the Protective Order and acknowledgement of everyone receiving the records redacted or designated as confidential pursuant thereto that the information is of a sensitive, personal, and confidential nature. Based on the foregoing, the Parties agree that disclosure of the above-referenced confidential records are necessary to this litigation, and they request entry of the attached Protective Order to allow the limited release and disclosure of the same.

Dated: June 4, 2025.

**O'CONNOR LAW P.C.**

By: */s/ Jenn Tetreault*
Daniel J. O'Connor, Jr.
Danny O'Connor III
Jenn Tetreault
*Attorneys for State Defendants*

**BERGIN, FRAKES, SMALLEY & OBERHOLTZER, PLLC**

By: */s/ Anthony R. Napolitano (with permission)*
Brian Bergin
Anthony R. Napolitano
*Attorneys for Defendant Cahill*

**MILLS+WOODS LAW PLLC**

By: /s/ *Thomas A. Connelly (with permission)*
Thomas A. Connelly
Robert T. Mills
Sean A. Woods
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2025, I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, District of Arizona, using the CM/ECF System. A Notice of Electronic Filing will be served to the following registered participants:

Thomas A. Connelly
Robert T. Mills
Sean A. Woods
MILLS+ WOODS LAW PLLC
5055 North 12th Street, Suite IOI
Phoenix, Arizona 85014
docket@millsandwoods.com

DeeAn Gillespie Strub
Jenny D. Jansch
GILLESPIE, SHIELDS, & TAYLOR
7319 North 16th Street
Phoenix, Arizona 85020
mailroom@gillaw.com

*Attorneys for Plaintiff*

Brian Bergin
Anthony R. Napolitano
Bergin, Frakes, Smalley & Oberholtzer, PLLC
4343 E. Camelback Road, Suite 210
Phoenix, AZ 85018
bbergin@bfsolaw.com
anapolitano@bfsolaw.com
*Attorneys for Defendant Cahill*

By: /s/ T. Gation