Daniel J. O'Connor, Jr., Bar No. 010081
Danny O'Connor III, Bar No. 034188
Jenn Tetreault, Bar No. 035566
**O'CONNOR LAW P.C.**
7955 South Priest Drive
Tempe, AZ 85284
daniel.oconnor@occlaw.com
danny.oconnor@occlaw.com
jenn.tetreault@occlaw.com
602-241-7000
*Attorneys for State Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Fidler, | Case No.: 2:25-cv-00570-DLR |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | (Assigned to the Honorable Douglas L. Rayes) |
| STATE OF ARIZONA, a government entity; ALONZO BORBOA, individually and as an employee with the State of Arizona Department of Child Safety; NICHOLE GARCIA, individually and as an employee with the State of Arizona Department of Child Safety; EDWIN WANGLER, individually and as an employee with the State of Arizona Department of Child Safety; DANA BURDEN, individually and as an employee with the State of Arizona Department of Child Safety; JANET CAHILL, Ph.D, individually; | |
| Defendants. | |

The Court, having reviewed the parties' Joint Motion for Protective Order and finding good cause thereby;

**IT IS ORDERED** granting the parties' Joint Motion. The Court enters this Protective Order as follows:

1. The parties agree that this Protective Order authorizes the parties' attorneys to exchange copies of records, including those related to Plaintiff Jessica Fidler ("Plaintiff") and her minor child, that are otherwise non-privileged and relevant to any party's claim or defense and proportional to the needs of the case (the "Documents"). To the extent these Documents consist of Plaintiff's or the child's DCS records, juvenile dependency records, school records, medical records, psychological records, placement with foster families, and/or any other relevant information, Plaintiff consents to the exchange of these Documents, which are otherwise protected information, between the parties' attorneys for the purposes of this litigation only. The term "Documents" will include, but is not limited to, documents, correspondence, memoranda, financial information, emails, information, minutes, letters, statements, drafts, notes of conversations, recordings, photographs, drawings, notes of discussions with third parties, other notes, business reports, instructions, disclosures, and other writings.

2. These Documents may be disclosed and produced in a substantially un-redacted form that includes names and other personally identifiable information of individuals who may have relevant information about the issues in dispute in this case. However, the party disclosing such Documents will redact social security numbers, personal telephone numbers, home addresses, personal email addresses, and other similar highly sensitive information that is easily susceptible to abuse and not typically necessary or helpful to prepare for litigation, which also includes but is not limited to, information that Fed. R. Civ. P. 5.2(a) requires the parties to redact before filing, such as social security numbers and financial account numbers.

3. In the event a non-party to this matter has provided or appears in any such Documents in the context of allegations that a party may have engaged in abuse and neglect of a child, and there is a reasonable basis to believe that the accused party so named thereby

may physically retaliate against the non-party or their property, the non-party's name and personally identifiable information may be withheld by redacting the information in the Documents until such time as the parties or this Court can resolve whether the identity of the non-party should be disclosed or limited to attorneys' eyes only.

4. The parties agree that this Protective Order authorizes the parties' attorneys to exchange only the Documents regarding the employment of the individual defendants during the relevant times identified in Plaintiff's operative complaint for the purposes of litigation only. To the extent the same are relevant and proportional to the needs of the case; they may be disclosed and produced in a substantially un-redacted form. The identities and personal information of an employee's family members and other third parties, such as friends and acquaintances, may be redacted where the information is plainly irrelevant and not proportional to the needs of the case. The disclosing party, in all cases, may redact social security numbers, financial information and other similar highly sensitive information that is easily susceptible to abuse and not typically necessary or helpful to prepare for litigation.

5. The disclosing party for any Document containing confidential information shall conspicuously mark each such Document as "confidential" or "statutory confidential." The term "Confidential Information" will mean and include information contained or disclosed in any Documents, portions of Documents, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, transcripts, data, summaries, and compilations is so deemed by any party to which it belongs.

6. Whenever a deposition taken on behalf of any party includes the disclosure of Confidential Information of any party, the deposition or portions thereof must be designated as containing Confidential Information subject to the provisions of this Protective Order. Such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription. A party will have thirty (30) days after receipt of the transcription to inform all other parties of the portions

of the transcript to be designated Confidential. The party to whom the Confidential Information belongs will have the right to exclude from attendance at the deposition all persons other than the deponent, the parties' counsel (including their staff and associations), and the court reporter. The originals of the deposition transcripts and all copies of the deposition must be marked confidential as appropriate, and the original or any copy ultimately presented to the Court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Protective Order, and protected from being opened except by order of this Court.

7. The parties agree that everyone in receipt of Confidential Information will limit their use strictly to what is reasonably necessary to prepare or resolve this case. They shall share the Confidential Information only with attorneys, experts, support staff, court and video recorders, claim adjusters, and managers who require the Documents or the information therein to perform a specific function in litigating this case. This limitation applies not only to the sharing of actual Documents, but also to any written or oral communication about the confidential content of the same. Confidential Information in court filings, attached exhibits, deposition transcripts, declarations, affidavits, or evidentiary hearings is also subject to this limitation unless otherwise ordered by the Court.

8. If any party hires a consulting or testifying expert for the purposes of this matter, the hiring party shall provide each expert with a copy of this Protective Order and require them to sign a non-disclosure agreement subjecting them to the same and the consequences of its violation in a form substantially similar to that attached as **Exhibit 1**. The parties shall inform any person hired to record testimony containing or pertaining to Confidential Information about this Protective Order and the consequences of its violation.

9. The parties stipulate that the chief objects of this Protective Order are to shield the identities of a minor child from public disclosure and other innocent third parties that would suffer a credible threat to their person or an unwarranted embarrassment or invasion

of privacy from the disclosure of their identities and personally identifiable private information. The parties agree that if Confidential Information is identified or otherwise referred to in court filings, pleadings, motions, or exhibits, the parties shall: (1) move under Local Rule of Civil Procedure 5.6 for the Court's permission to publicly file any Confidential Information with real names redacted and initialized pseudonyms superimposed; and (2) file under seal un-redacted versions of the same. In this particular case, Plaintiff's minor child shall be referred to as "E.F." in all filings.

10. Before any Confidential Information is filed with the Court for any purpose, the party seeking to file the same must seek permission of the Court to file it under seal. Nothing in this order shall be construed as automatically permitting a party to file under seal. The party seeking leave of Court shall show "compelling reasons" (where the motion is more than tangentially related to the merits of the case) or "good cause" for filing under seal. *See Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response, or reply if such party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document. Further, no portion of the trial of the matter shall be conducted under seal unless otherwise ordered by the Court.

11. The parties agree that any and all Documents, discoverable information, and any other documents or statements referencing the Confidential Information shall remain confidential and will not be used for any purpose other than defending or prosecuting the claims in this lawsuit. The foregoing does not prohibit any party from complying with lawful orders issued by courts of competent jurisdiction and complying with applicable laws including A.R.S. §§ 39-121, *et seq.*, where disclosure is otherwise lawful.

12. The parties agree that any party may make reasonable objections to the disclosure of Confidential Information pursuant to relevant court rules, statutes, or legal doctrines providing for the non-disclosure or may challenge the withholding of such

information by another party. The party objecting to confidentiality must notify, in writing, the producing party's counsel of the objected-to Documents and the grounds for the objection. If the dispute is not resolved consensually between the parties within fourteen (14) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. In the event any party files a motion challenging confidentiality designations or redactions, the Document(s) shall be submitted to the Court, under seal, for an in-camera inspection. The Documents must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the objection, or the matter has been otherwise resolved.

13. The parties agree that, upon completion of the litigation and expiry of time for an appeal, any party in receipt of confidential information pursuant to this Protective Order shall destroy the same at their sole expense and shall never disclose the substance of the same without specific authorization from the Court or agreement of the party to which the Document belongs. The parties' attorneys may maintain possession of confidential information pursuant to record keeping requirements but will continue to be bound by the terms of this Protective Order. This provision does not apply to attorney work product.

14. Nothing within this Protective Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

15. Nothing in this Protective Order will bar the parties' counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

16. This Protective Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Protective Order must

not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

17. The restrictions and obligations set forth within this Protective Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; or (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents, in violation of this Protective Order.

18. Transmission by e-mail or facsimile is acceptable for all notification purposes within this Order.

19. Notwithstanding anything to the contrary herein, any Document designated as Confidential Information shall enter the public domain if the Court determines it necessary to quote the same in an order or during the course of trial.

20. After termination of this action, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that became a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of Confidential Information and Documents designated as confidential for enforcement of the provisions of this Protective Order following termination of this litigation.

21. The parties reserve all rights to move for a modification, change, revision, or revocation of this Protective Order. The Court may modify the terms and conditions of this Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

Dated: _____, 2025.

Honorable Douglas L. Rayes
United States District Judge

# EXHIBIT 1

NON-DISCLOSURE AGREEMENT REGARDING PROTECTIVE ORDER TO ALLOW LIMITED DISCLOSURE OF CONFIDENTIAL INFORMATION

(*Fidler v. State of Arizona et al.*, Case No. 2:25-cv-00570)

1. I, _____, have received and read a copy of the Court's Protective Order in this case.

2. I understand that by receiving Arizona Department of Child Safety (DCS) records and/or other sensitive documents so designated as "confidential," I am subject to the Protective Order.

3. I agree to the terms of the Protective Order, and I understand that I am responsible for the consequences of violating the terms, which may include contempt of court.

4. I understand that the Protective Order demands that I keep confidential information about minors and families who have received services from and had interactions with DCS and have been involved in dependency-court proceedings. I understand that these documents may also reference medical, social, and psychological records and other private information with respect to DCS services, custody issues, and dependency proceedings in connection with the parties to this lawsuit. I understand this information may also identify third parties that are not employed by DCS who may lack personal knowledge about this case but otherwise have reported abuse and neglect.

5. I agree that distribution of these records or documents protected by the Protective Order or dissemination of information contained therein is prohibited, except as necessary to discuss with the attorneys of record in this case and to provide testimony. I agree that I will not disseminate or communicate any report, summary of expected testimony, or written opinion based on the same, except to the attorneys of record in this case. I agree that

any report, summary of expected testimony, or written opinion that contains or may contain the same shall be appropriately marked as "confidential."

      6.    I understand that the original of this Nondisclosure Agreement will be retained by the attorneys of record engaging me who, upon request, will provide a copy to the other attorneys in this case if and when experts are required to be identified according to the case management plan.

Dated this _____ day of _____, 20_____.

_____
Signature

Full Name (printed): _____

Address: _____

_____

_____

Phone Number: _____

Email Address: _____