Thomas A. Connelly (AZ Bar #019430)
Robert T. Mills (AZ Bar #018853)
Sean A. Woods (AZ Bar #028930)
**MILLS + WOODS LAW PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com

DeeAn Gillespie Strub (AZ Bar #009987)
**GILLESPIE, SHIELDS & TAYLOR**
7319 North 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700
Fax: (602) 870-9783
mailroom@gillaw.com

*Attorneys for Plaintiffs*

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014-2555
480.999.4556

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Jessica Fidler, *et al.*,<br>Plaintiffs,<br>v.<br>State of Arizona, *et al.*,<br>Defendants. | Case No.: CV-25-00570-PHX-DLR<br><br>**PLAINTIFF JESSICA FIDLER'S RESPONSES TO STATE DEFENDANTS' FIRST REQUESTS FOR ADMISSION**<br><br>(Hon. Douglas L. Rayes) |

Plaintiff Jessica Fidler, through counsel, responds to the State Defendants' First Requests for Admission pursuant to Federal Rule of Civil Procedure 36.

**Preliminary Objection**

Plaintiff objects to the introductory instructions to the extent they purport to impose requirements beyond Federal Rule of Civil Procedure 36, including exhaustive identification of facts, witnesses, documents, and anticipated trial testimony within each admission response. Plaintiff responds separately to the accompanying interrogatory, subject to applicable objections.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

**<u>REQUEST FOR ADMISSION NO. 1</u>**

Admit that neither you nor E.F. have been diagnosed with Post-Traumatic Stress Disorder (PTSD) as a result of the events alleged in the Complaint.

**RESPONSE: DENIED.**

Plaintiff was diagnosed with Post-Traumatic Stress Disorder in 2021 while participating in the intensive outpatient program at Aurora Behavioral Health, following E.F.'s return to her care after the first removal.

The diagnosis arose in the context of treatment following the earlier removal and related traumatic experiences. Plaintiff therefore denies the assertion that neither Plaintiff received a PTSD diagnosis arising from the events alleged in the Complaint.

Plaintiff's subsequent psychological evaluation also identified Other Specified Trauma and Stressor-Related Disorder and significant, continuing trauma-related symptoms.

**<u>REQUEST FOR ADMISSION NO. 2</u>**

Admit that neither you nor E.F. are currently receiving trauma-focused therapy as a result of the events alleged in the Complaint.

**RESPONSE: ADMITTED, WITH QUALIFICATION.**

Plaintiff admits that neither she nor E.F. is currently participating in a treatment program specifically designated as trauma-focused therapy.

Plaintiff previously received intensive mental-health treatment at Aurora Behavioral Health in 2021, including participation in its intensive outpatient program, during which she was diagnosed with PTSD.

This admission does not mean that either Plaintiff's current treatment is unrelated to trauma or that their trauma-related psychological injuries have resolved.

**REQUEST FOR ADMISSION NO. 3**

Admit that neither you nor E.F. have been advised by any medical or mental health provider that trauma-focused therapy is necessary as a result of the events alleged in the Complaint.

**RESPONSE: OBJECTION; QUALIFIED DENIAL.**

Plaintiff objects to the undefined term "trauma-focused therapy" insofar as it fails to distinguish between specific treatment modalities and treatment directed toward trauma-related psychological conditions.

Plaintiff underwent intensive mental-health treatment at Aurora Behavioral Health in 2021 and received a PTSD diagnosis during its intensive outpatient program. Plaintiff and E.F. have also received treatment addressing trauma-related symptoms.

Whether a provider expressly advised either Plaintiff that a particular form of trauma-focused therapy was necessary requires confirmation from the treatment records and recommendations.

After reasonable inquiry, the information known or readily obtainable is insufficient to enable Plaintiff to admit or deny whether a provider expressly advised that a specific form of trauma-focused therapy was necessary; accordingly, Plaintiff neither admits nor denies.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

**REQUEST FOR ADMISSION NO. 4**

Admit that E.F.'s current therapy sessions primarily address issues unrelated to the events alleged in the Complaint.

**RESPONSE: DENIED.**

Plaintiff objects to the undefined term "primarily" insofar as it assumes that current psychological symptoms and treatment concerns can be separated from their underlying traumatic causes.

E.F.'s therapy addresses his current functioning and psychological needs, including trauma-related responses associated with the events alleged in the Complaint.

The fact that treatment addresses present circumstances does not establish that those circumstances or E.F.'s reactions to them are unrelated to the earlier traumatic experiences.

**REQUEST FOR ADMISSION NO. 5**

Admit that neither you nor E.F. have been prescribed any new psychiatric medications as a result of the events alleged in the Complaint.

**RESPONSE: ADMITTED.**

Plaintiff admits that neither she nor E.F. has been prescribed a new psychiatric medication specifically as a result of the events alleged in the Complaint.

This admission does not address the existence, severity, or duration of either Plaintiff's psychological injuries.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

**REQUEST FOR ADMISSION NO. 6**

Admit that neither you nor E.F. have suffered any permanent physical injury as a result of the events alleged in the Complaint.

**RESPONSE: ADMITTED, WITH QUALIFICATION.**

Plaintiff admits that neither she nor E.F. is presently claiming an established permanent physical injury resulting from the events alleged in the Complaint.

This admission does not negate the acute physical harm E.F. suffered while in State custody, including the medical emergency following the administration of medication prescribed for another child.

Nor does it address either Plaintiff's continuing psychological injuries.

**REQUEST FOR ADMISSION NO. 7**

Admit that neither you nor E.F. have been diagnosed with any psychological or psychiatric disorder that is causally related solely to the actions of the State Defendants.

**RESPONSE: OBJECTION; QUALIFIED DENIAL.**

Plaintiff objects to the phrase "causally related solely" as ambiguous because it conflates whether the State Defendants' conduct caused or aggravated a psychological disorder with whether their conduct was its exclusive cause.

Subject to that objection, Plaintiff denies any suggestion that neither Plaintiff has received a diagnosis of a psychological disorder related to the conduct alleged against the State Defendants.

Plaintiff was diagnosed with PTSD in 2021 during intensive outpatient treatment at Aurora Behavioral Health following the first removal. A subsequent psychological evaluation identified Other Specified Trauma and Stressor-Related Disorder, with significant and long-lasting symptoms associated with the removals and related events.

Plaintiff contends that the State Defendants' conduct caused or aggravated psychological injuries suffered by both Plaintiffs. Plaintiff does not concede that exclusive causation is necessary to establish liability or compensable injury.

**<u>REQUEST FOR ADMISSION NO. 8</u>**

Admit that E.F.'s current psychological symptoms are attributable, in whole or in part, to pre-existing conditions, environmental stressors, or other factors unrelated to the actions of the State Defendants.

**RESPONSE: QUALIFIED ADMISSION AND DENIAL.**

Plaintiff admits that E.F.'s psychological condition may involve multiple contributing circumstances, including prior traumatic experiences and preexisting vulnerabilities.

Plaintiff denies that the effects of the earlier removal and related State conduct may simply be characterized as unrelated to the injuries alleged in this litigation or currently experienced by Plaintiffs.

Plaintiff further denies any implication that preexisting conditions or other contributing circumstances eliminate the psychological injuries caused or aggravated by the State Defendants' alleged conduct.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

The relative contribution of particular events and conditions remains subject to the medical, psychological, and expert evidence.

**REQUEST FOR ADMISSION NO. 9**

Admit that neither you nor E.F. have been advised by any medical or mental health provider that you or E.F. are at risk of future physical harm as a result of the events alleged in the Complaint.

**RESPONSE: ADMITTED, WITH QUALIFICATION.**

Based on the information presently available, Plaintiff admits that she is not aware of a provider who has specifically advised either Plaintiff that future physical harm is anticipated as a result of the events alleged in the Complaint.

This admission is limited to advice concerning future physical harm. It does not address ongoing psychological injuries, potential future psychological consequences, or the need for additional treatment.

---

**RESPONSE TO ACCOMPANYING INTERROGATORY**

Plaintiff objects to the interrogatory to the extent it demands an exhaustive narrative of every supporting fact, witness, document, and anticipated trial exhibit without reasonable particularity.

Subject to that objection, Plaintiff identifies the following presently known facts and supporting evidence:

**1. Aurora Behavioral Health treatment and PTSD diagnosis.**

Following E.F.'s return to Plaintiff's care after the first removal, Plaintiff underwent intensive mental-health treatment at Aurora Behavioral Health in 2021, including participation in its intensive outpatient program.

During that program, Plaintiff was diagnosed with Post-Traumatic Stress Disorder. The treatment and diagnosis are relevant to Plaintiff's claimed psychological injuries arising from the earlier removal and related events.

Supporting evidence includes Plaintiff's testimony and the relevant Aurora Behavioral Health treatment and diagnostic records.

**2. <u>Subsequent psychological evaluation</u>.**

Plaintiff's subsequent evaluation by Dr. Clark identified Other Specified Trauma and Stressor-Related Disorder and continuing trauma-related symptoms, including significant anxiety, fear, and restrictions on daily functioning.

The existence of a later diagnosis different from PTSD does not negate the earlier diagnosis or establish that Plaintiff's psychological injuries resolved. Supporting evidence includes Dr. Clark's evaluation and testimony.

**3. <u>E.F.'s psychological injuries</u>.**

E.F. has received psychological treatment addressing current functioning and trauma-related symptoms. Plaintiff contends that the traumatic experiences alleged in the Complaint continue to affect his emotional and psychological responses.

Supporting evidence includes relevant treating-provider records, Plaintiff's testimony, and psychological expert evaluations.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

**4. Causation and aggravation.**

Plaintiff contends that the State Defendants' alleged conduct caused or aggravated psychological injuries. The presence of earlier trauma, preexisting vulnerabilities, or other contributing circumstances does not necessarily eliminate the causal significance of the conduct at issue.

**5. Physical injuries and medical emergency.**

E.F. experienced an acute medical emergency while in State custody following the administration of medication prescribed for another child. Plaintiffs distinguish that injury from permanent physical impairment and from their continuing psychological injuries.

**6. Supporting witnesses and records.**

Presently identified sources include Plaintiff Jessica Fidler; the relevant treating professionals at Aurora Behavioral Health; Dr. Clark; E.F.'s treating mental-health providers; relevant medical and psychological records; and records of the underlying dependency proceedings. Specific provider identities, records, and witness information is equally available to Defendants in the record and as may be identified by reference to the applicable discovery disclosures and supplemented as required by Federal Rule of Civil Procedure 26(e).

///

///

///

///

///

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

**RESPECTFULLY SUBMITTED** this 16th day of November 2026.

**MILLS + WOODS LAW PLLC**

By *<u>/s/ Thomas A. Connelly</u>*
Thomas A. Connelly
Robert T. Mills
Sean A. Woods
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014

**GILLESPIE, SHIELDS & TAYLOR**
DeeAn Gillespie Strub
7319 North 16th Street
Phoenix, AZ 85020

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on 16th day of November 2026, I electronically transmitted the foregoing document to all Defendants by email through their counsel as noted below.

Daniel J. O'Connor, Jr.
Danny O'Connor, III
Laura Flores
O'CONNOR LAW FIRM
7955 S. Priest Dr.
Tempe, AZ 85284
daniel.oconnor@occlaw.com
danny.oconnor@occlaw.com
laura.flores@occlaw.com
*Attorneys for State Defendants*

Brian Bergin
BERGIN, FRAKES, SMALLEY & OBERHOLTZER, PLLC
4343 E. Camelback Rd., Ste. 210
Phoenix, AZ 85018
bbergin@bfsolaw.com
*Attorneys for Defendant Cahill*

*/s/*